HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
BENJAMIN GERSON, NY Bar #5505144
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: 559.487.5561/Fax: 559.487.5950

Attorney for Defendant
DAVID A. NUNN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 6:20-po-00742-HBK |
|---|---|
| *Plaintiff,* | **REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS** |
| vs. | |
| DAVID A. NUNN | |
| *Defendant.* | |

**INTRODUCTION**

In his April 26, 2021, motion to dismiss, Mr. Nunn argued that the underlying regulation 36 C.F.R. § 2.17(a) is arbitrary and capricious as applied to BASE jumping for two reasons. First, that it was promulgated in violation of the Administrative Procedures Act 5 U.S.C. § 553(c) for failing to include a reasoned statement of basis and purpose, and second, because the park's enforcement priorities, a matter of informal agency adjudication, were invalid under *Citizens to Preserve Overton Park v Volpe*, 401 U.S. 402 (1971). The government opposed Mr. Nunn's motion in their brief filed June 7, 2021. In that brief, the government did not address any substantive issue raised by Mr. Nunn. Instead, the government sought to preclude Mr. Nunn's argument by asking the court to impose procedural hurdles to the collateral attack on the underlying regulation.

The government argues that Mr. Nunn must exhaust administrative remedies, such as an administrative appeal, before attacking the underlying regulation in district court. This is not the case, as the rule the government relies on was set forth by the Ninth Circuit on appeal of a case in which administrative exhaustion was a central component. In the instant case, no mechanism for administrative exhaustion exists, and so the rule is inapposite. The government further argues that Mr. Nunn is precluded from raising an affirmative defense attacking the regulation because he failed to raise such a defense in a prior prosecution. The government misconstrues this rule as well, and asks the court to impose a newly imagined form of procedural default by which a prior defense strategy ties a defendant's hands in distinct future prosecutions. Even reading the government's opposition generously, Mr. Nunn is not subject to any procedural barriers to raising an affirmative defense attacking the underlying regulation and now moves the court to grant his motion on the unopposed merits.

## I. ARGUMENT

### A. *Backlund* Is Inapposite And Readily Distinguished From Mr. Nunn's Case

The government's brief centers on *United States v. Backlund*, 689 F.3d 986 (2012). In that case, two defendants were each charged separately with violating 36 C.F.R. § 261.10(b) for residing at a mining site on forest service land absent authorization from the Forest Service. At the outset, each of the two defendants filed an application for a permit to reside on the land during mining operations, and each was denied by the Forest Service. One defendant, Backlund, submitted a proposed plan of operation to the Forest Service, which reviewed the plan and wrote a "Surface Use Determination" report. *Id.* at 992. The Forest Service determined that the addition of structures supporting year round residency was not "incident and necessary" to mining operations. *Id.* Backlund continued to reside at his mining operation, and was eventually issued a notice of noncompliance by the forest service, requiring him to remove all structures and equipment. Backlund appealed the notice of noncompliance administratively, and the notice was

affirmed. Backlund then submitted a new plan of operations, which was met with the same conclusion by the Forest Service as his original plan. *Id.* Backlund appealed the second plan to the Forest Supervisor, and then again to the Deputy Regional Forester. The Deputy Regional Forester affirmed, noting her decision as the final administrative decision. The Forest Service then prosecuted Backlund for his continued residence on forest service land. Backlund pleaded guilty, but preserved his right to appeal in the plea agreement. *Id. at 994.* The second defendant, Everist, failed to make use of the administrative appeals avenues available to him, responding only by letter that he disagreed with the findings of the Forest Service. Everist was convicted at a bench trial and timely appealed. *Id.* at 995. The Ninth Circuit held that because defendant Backlund had exhausted administrative remedies, and was within the statute of limitations, he was entitled to present a defense attacking the underlying regulation. Defendant Everist was not, having not expended his administrative remedies. *Id.* at 999.

      The Ninth circuit acknowledged that two options exist to obtain judicial review of an administrative regulation. First, by filing suit in district court under the Administrative Procedures Act, and second, by challenging the agency's decision in a subsequent criminal proceeding. The Ninth Circuit reasoned that permitting a collateral attack in a subsequent criminal proceeding should not be an "end run" around the exhaustion requirement, and thus reinforced the exhaustion requirement already set forth by statute in the Administrative Procedures Act. 689 F.3d at 999; *See also*, 5 U.S.C. §§ 702, 704. The court in *Backlund* also held that while the defendants *could* have sued in district court to avail himself of the opportunity to attack the statute when their proposals were initially denied, they were not *required* to. Because bringing suit is not the exclusive method by which to seek judicial review, defendants were entitled to do so in mounting an affirmative defense in the subsequent criminal prosecution. While *Backlund* presents a blueprint for how certain cases should proceed in district court, the reasoning in *Backlund* does not apply here because Mr. Nunn's case proceeds from a different posture.

In the instant case, there is no mechanism for administrative authorization to BASE jump, and by extension, no avenue to exhaust administrative appeals. Yosemite National Park has categorically banned BASE jumping for nearly 40 years, and only allowed a permitting system for an extremely limited period of time in the early 1980s. Yosemite National Park's application of 36 C.F.R. § 2.17(a) and its enforcement priorities do not allow for even regulated BASE jumping. It is worth noting, as explicated in Mr. Nunn's opening brief, that Yosemite did allow hang gliding, a similar activity. Hang gliding was explicitly recognized in the original statement of basis and purpose, and the national park service had in place a permitting system which regulated hang gliding in the park. That system was administered in a way similar to the system described for mining operations in *Backlund* in that the National Park Service undertook to study the impacts and eventually authorized the use. See ECF #18 at 17. The analogy to *Backlund* is that if a hang glider applied for a permit through the established mechanism, and was denied, then failed to appeal his denial, he could not then attack the regulation in district court if he were later prosecuted. *See Backlund* at 999. However, if he had appealed, the hang glider would then be in a position to attack the regulation, provided he raised the defense within the statute of limitations. *Id.*

Mr. Nunn's case is different and readily distinguishable because the park has no permitting system for BASE jumping. Because there is no way to apply for a permit, and hence appeal a denial, the rule in *Backlund* does not apply. Mr. Nunn need not demonstrate that he exhausted administrative remedies, because none were available, and is entitled to attack the statute directly in district court upon criminal prosecution. *See, Backlund* at 1001 (remanding to district court to allow collateral attack of the underlying regulation); *see also,* 5 U.S.C. § 704.

In the alternative, if this court were to apply the reasoning from *Backlund*, the outcome is identical. Because there was no official avenue for administrative review, the court should proceed from the agency's final decision. *Backlund* at 992. The finality of an agency decision or action is an empirical test. *San Francisco Herring Association v. Department of the Interior*, 946 F.3d 564, 575 (2019). In that case, the plaintiffs properly pleaded that the National Park

Service's continued enforcement of fishing restrictions within the Golden Gate National Recreation Area, refusal to change its position despite pressure from fisherman's advocacy groups, and citing of individual fisherman amounted to final agency action. 946 F.3d at 577. *See also, U.S. Army Corps of Engineers v. Hawkes Co. Inc.* 136 S. Ct. 1807 (2016). In the instant case, Yosemite National Park has enforced a total prohibition on BASE jumping for nearly 40 years. The National Park Service has refused to consider many protests to their policy, even when the ongoing prohibition is linked to increased fatalities in the sport. See ECF # 18 at 4-7. Rangers in Yosemite routinely target BASE jumpers with strict enforcement and confiscate their equipment. Yosemite's intransigence with respect to BASE jumping is well documented. *Id.* Because there is no mechanism to apply for permission to BASE jump, appeal a denial, or petition the park to revise its enforcement policies, this court should consider the park's enforcement actions as conclusive evidence of the final agency decision on whether to permit BASE jumping. There can be no doubt that the enforcement actions of park rangers are neither tentative nor interlocutory, and that they determine obligations from which consequences will follow. *San Francisco Herring* at 579-579; *see also, Hawkes,* 136 S. Ct. 1807 (2016). Applying *Backlund*, Mr. Nunn's challenge stems from the final agency action, the equivalent of an exhausted administrative appeals process. As such, Mr. Nunn is entitled to judicial review.

**B. Mr. Nunn Is Not Precluded From Attacking The Regulation By The Statute Of Limitations.**

The government argues that a six year statute of limitations applies to Mr. Nunn's affirmative defense because he was previously cited and convicted of the same offense in 1998. This is a misreading of the rule in *United States v. Lowry*, 512 F.3d 1194 (9th Cir. 2008). In *Lowry,* the defendant attempted to introduce evidence of a denied Indian land allotment claim from 10 years prior as an affirmative defense to residing on forest service land illegally. The district court held that because the defendant did not seek judicial review of the denial within the statute of limitations, it could not be introduced as an affirmative defense. *Id.* at 1196. *Lowry* is readily distinguishable from Mr. Nunn's case. *Lowry* is a single case that effectively spanned

more than 10 years without an intervening conviction to terminate the case.  The initial denial of Ms. Lowry's application for allotment in 1990 did not subject her to criminal prosecution.  While she did not prevail in her administrative claim, and the denial was effectively the final agency action, there is no indication that she was ever charged with occupying forest service land until 2003.  After over a decade in limbo, she tried to raise the denied allotment application as an affirmative defense.  Because she was not criminally prosecuted within the period of the statute of limitations to challenge the final administrative denial in court, she could not raise the affirmative defense in the criminal prosecution.  Her only option was to sue in district court for review of the denial before the statute of limitations ran, which she decided to forgo. *Lowry* at 1196.

The government proposes, without support, a rule in which a defendant's strategy in a prior and distinct criminal proceeding creates a form of *res judicata* or procedural default in a subsequent proceeding.  Unlike *Lowry*, Mr. Nunn's case is not an uninterrupted line.  He previously pleaded guilty and decided to forgo not only affirmative defenses, but *all* defenses. There is no authority which states that by forgoing a defense in a prior case, a defendant may not raise it in a future case.  Mr. Nunn is not being prosecuted for actions he took in 1998, he is being prosecuted for actions alleged in 2020, and as such is well within the statute of limitations.

### C. Mr. Nunn's Raises an "As-Applied" Challenge

The government misconstrues Mr. Nunn's challenge to 36 C.F.R. 2.17(a) as a broad attempt to overturn the regulation as a whole.  Mr. Nunn challenges only the application of the regulation to his alleged activities, that is, BASE jumping.  Mr. Nunn's opening brief is clear in the remedy sought. He asks only for his case to be dismissed in that the substance of the regulation cannot be applied to BASE jumping.  *See*, *Hoye v. City of Oakland*, 653 F.3d 835, 857 (9th Cir. 2011)("A paradigmatic as-applied attack, by contrast, challenges only one of the rules in a statute, a subset of the statute's applications, or the application of the statute to a specific factual circumstance, under the assumption that a court can separate valid from invalid subrules or applications)(internal quotations omitted).

**CONCLUSION**

For the reasons set forth above, Mr. Nunn respectfully moves the court to grant relief in dismissing the charge of violating 36 C.F.R. § 2.17(a) as the underlying regulation is arbitrary and capricious as applied to BASE jumping, and as Mr. Nunn faces no procedural barriers to relief.

Dated: June 21, 2021

HEATHER E. WILLIAMS
Federal Defender

*/s/ Benjamin Gerson*
BENJAMIN GERSON
Assistant Federal Defender
Attorney for Defendant
David A. Nunn