| | |
|---|---|
| 1 | PHILLIP A. TALBERT<br>Acting United States Attorney |
| 2 | BRODIE M. BUTLAND<br>JEFFREY A. SPIVAK |
| 3 | Assistant United States Attorneys<br>2500 Tulare Street, Suite 4401 |
| 4 | Fresno, CA 93721<br>Telephone: (559) 497-4000 |
| 5 | |
| 6 | Attorneys for Plaintiff<br>United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>DAVID A. NUNN,<br><br>                Defendant. | CASE NO. 6:20-PO-00742-HBK<br><br>UNITED STATES' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |

The United States files this supplemental memorandum of law in opposition to Defendant David A. Nunn's (Defendant or Nunn) motion to dismiss (Doc. 18). The United States filed its initial opposition on June 7, 2021 (Doc. No. 27) which sets forth the factual background of the case. Following oral argument on October 12, 2021, the Court requested supplemental briefing by the parties. The United States submits this supplemental memorandum of law.

**I.    Nunn cannot establish a violation of the Administrative Procedures Act.**

An administrative regulation may be challenged procedurally or substantively. A procedural challenge "seeks to establish the invalidity of a regulation based on the procedural adoption of the regulation"—such as that an agency did not follow statutory procedures or did not comply with the notice and comment provisions of the APA. In other words, "the manner in which the regulation was adopted . . . is in issue; the content or substance of the regulation is irrelevant." *Utu Utu Gwaitu Paiute Tribe v. Dep't of the Interior*, 766 F. Supp. 842, 844 (E.D. Cal. 1991) (citations omitted). Substantive

challenges, by contrast, argue that the substance of the regulation is illegal—such as that it exceeds statutory authorization, or that the authorizing legislation is unconstitutional. Substantive challenges may be "facial" or "as applied." *Id.*

Nunn makes both procedural and substantive challenges to 36 C.F.R. § 2.17, although his briefing confusingly conflates the two. Procedurally, Nunn argues that the final rules in the Federal Register did not include a "statement of basis and purpose" or "reasoned analysis" as to why BASE jumping should be prohibited, as purportedly required by the notice-and-comment procedures of 5 U.S.C. § 553. Doc. No. 18 at 12, 16. Substantively, Nunn argues that BASE jumping does not fall under § 2.17(a)'s prohibitions. Doc. No. 18 at 19-20; Doc. No. 28 at 6 (Nunn noting that he has raised an "as applied" challenge that "the substance of the regulation cannot be applied to BASE jumping").

Nunn's procedural challenge concerns an interpretive action by the NPS that does not require notice and comment procedures, and in any event is barred by the six-year statute of limitations. Nunn's substantive challenge fails because the Ninth Circuit already has twice held that the National Park Service could reasonably determine that BASE jumping is prohibited under 36 C.F.R. § 2.17(a).

### A. Nunn's procedural challenge under the APA fails because the National Park Service engaged in an act of interpretation that is not subject to notice-and-comment procedures.

Nunn does not argue that § 2.17 as a whole is invalid—rather, he argues that it is invalid as applied to BASE jumping because the NPS failed to follow the APA's notice-and-comment procedures in determining that BASE jumping falls under § 2.17(a) or its predecessors. *See* Doc. No. 28 at 6. "The APA requires that rules promulgated by administrative agencies undergo certain procedures unless those rules are 'interpretive rules.'" *Gunderson v. Hood*, 268 F.3d 1149, 1153-54 (9th Cir. 2001). As a result, an agency is "not required to engage in notice and comment rulemaking before interpreting its own regulation to apply in a particular way, even when the new interpretation is fundamentally different from a prior one." *Alpha Servs., LLC v. Perez*, 681 F. App'x 584, 586 (9th Cir. 2017) (citing *Perez v. Mortg. Bankers Ass'n*, 135 S. Ct. 1199, 1206 (2015)); *Miller v. Cal. Speedway Corp.*, 536 F.3d 1020, 1033 (9th Cir. 2008); *Lane v. Salazar*, 911 F.3d 942, 949 (9th Cir. 2018) (holding that Bureau of Prison's interpreting 28 C.F.R. § 541.3, which prohibited threats against others, to include non-true threats "did not create a new substantive rule" and was not subject to notice and comment procedures).

*Evans v. Martin*, 496 F. App'x 442 (5th Cir. 2012), illustrates this rule.[1] There, an inmate was cited for violating 28 C.F.R. § 541.13—which prohibited the use of "hazardous tools"—when he used a cellphone on prison grounds. *Id.* at 443. He challenged the citation because no notice-and-comment procedures had been followed before classifying cellphones as hazardous tools. *Id.* at 444. The Fifth Circuit held that notice-and-comment procedures were not required because "§ 541.13 [was] a substantive rule that was already validly in effect at the time of his infraction," and thus "[t]reating a cell phone as a hazardous tool was an act of interpretation that did not create a new substantive restriction; inmates were already prohibited from possessing hazardous tools." *Id.*

Similarly here, a pre-existing regulation prohibited "delivering or retrieving a person or object by parachute, helicopter, or other airborne means, except in emergencies involving public safety or serious property loss, or pursuant to the terms and conditions of a permit." 36 C.F.R. § 2.17(a)(3). NPS engaged in an act of interpretation and determined that BASE jumping constituted "delivering . . . a person . . . by parachute." Since NPS did not create a new substantive restriction, but simply interpreted a pre-existing one, no notice-and-comment procedures were required.

### B. Nunn's procedural challenges are barred by the statute of limitations.

Nunn's procedural challenge fails for another independent reason: it is barred by the six-year statute of limitations in 28 U.S.C. § 2401(a), which applies to APA challenges. *Shiny Rock Mining Corp. v. United States*, 906 F.2d 1362, 1364 (9th Cir. 1990); *Sierra Club v. Penfold*, 857 F.2d 1307, 1315 (9th Cir. 1988).

Nunn argues that the NPS did not offer sufficient analysis in the Federal Register when it enacted § 2.17(a) in 1983, or its "nearly-identical" predecessor in 1966. Doc. No. 18, at 10-11. But "[c]hallenges alleging the existence of a procedural irregularity concerning the promulgation of a regulation must be brought within six years from the date the regulation was published in the Federal Register." *Utu Utu*, 766 F. Supp. at 844; *Wind River Mining Corp. v. United States*, 946 F.2d 710, 715 (9th Cir. 1991) (same); *Penfold*, 857 F.2d at 1316 (holding that plaintiff could not challenge regulations

---

[1] *Evans* was cited with approval in *Velazquez-Armas v. Copenhagen*, No. 1:13-cv-1014, 2014 WL 4211093, at *6-7 (E.D. Cal. Aug. 26, 2014), which similarly held that a cellphone was a hazardous tool under § 541.13.

based on alleged procedural deficiencies because more than six years had passed since their publication in the Federal Register). This limitation is necessary, for "[o]therwise, claimants . . . could challenge regulations at a much later time, e.g., when administered by the federal agency, rather than when adopted." *Penfold*, 857 F.2d at 1316; *see also Shiny Rock*, 906 F.2d at 1365 (requiring any challenge to procedural adoption of federal regulations to be within six years of their publication in the Federal Register because otherwise it would permit an agency action "to be subjected to challenge more than six years after it was published in the Federal Register simply because a new application has been denied," which "would virtually nullify the statute of limitations for challenges to agency orders").

Nunn did not raise his procedural challenge within six years after 1983, the last date that § 2.17(a) was published in the Federal Register.[2] Indeed, he did not even raise it within six years of his 1998 conviction for illegal BASE jumping under the same regulation. Nunn's attempt to re-open the procedural sufficiency of § 2.17 now implicates the precise concerns raised by the Ninth Circuit in the Government's interest in finality, and it should be rejected as untimely.

C. **Nunn's substantive challenge fails because controlling law holds that BASE jumping is prohibited under § 2.17(a)(3).**

Nunn also argues that BASE jumping does not fall within § 2.17(a)(3). Nunn already knows that this is not the case, as he has already been convicted for illegal BASE jumping under the same regulation. And since his prior conviction, the Ninth Circuit has explicitly held twice that "BASE jumping is prohibited under § 2.17(a)(3)," as the regulatory language is broad enough to reasonably cover BASE jumping. *United States v. Albers*, 226 F.3d 989, 994 (9th Cir. 2000); *United States v. Carey*, 929 F.3d 1092, 1103 (9th Cir. 2019) (affirming convictions under § 2.17(a)(3) for BASE jumping and holding that "when a person conducts a recreational BASE jump in a national park, we *cannot* assume that she is doing so legally, since the circumstances when such an act would be permitted

---

[2] The six-year statute of limitations began running in 1983 even if Nunn could not have raised a procedural challenge to § 2.17 at that time. The Ninth Circuit has expressly rejected "the suggestion that standing to sue is a prerequisite to the running of the limitation period" because holding otherwise "would render the limitation to challenges to agency orders . . . meaningless." *Shiny Rock*, 906 F.2d at 1365. Although the Ninth Circuit's approach precludes individuals from contesting the procedural soundness of a regulation even if they had no standing to do so within the limitations period, "[t]he government's interest in finality outweighs a late-comer's desire to protest the agency's action as a matter of policy or procedure." *Wind River*, 946 F.2d at 715.

are exceedingly rare"); *see also United States v. Oxx*, 127 F.3d 1277, 1278-80 (10th Cir. 1997) (holding that BASE jumping was illegal under § 2.17(a)(3), as the terms of the regulation "clearly applied to the defendants' activity").

As Nunn's argument concerns an issue of interpreting a federal regulation, it does not seem to be an APA challenge at all. But to the extent that Nunn's questioning the wisdom of the NPS's prohibition on BASE jumping can be shoehorned into the APA framework, his argument still fails. Agency action can only be overturned if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). Judicial review under the APA is "highly deferential" and "presumes agency action to be valid." *USPS v. Gregory*, 534 U.S. 1, 6 (2001); *Short Haul Survival Comm. v. United States*, 572 F.2d 240, 244 (9th Cir. 1978). The Court may not "substitute its own judgment for that of the [agency]," even if the Court disagrees with the agency's conclusion. *Gregory*, 534 U.S. at 7.

The NPS's determination that BASE jumping is prohibited by § 2.17(a)(3) is not arbitrary and capricious or contrary to law. The Ninth Circuit has blessed the NPS's determination for over two decades, and it has identified ample policy bases for the NPS's BASE jumping ban, including the "safety threat . . . to the jumper due to the fatalities and injuries characterizing the extreme sport" and "safety risks . . . posed to member of the public, particularly in areas where people are likely to congregate." *Albers*, 226 F.3d at 995. Although Nunn argues that New River Gorge National Park permitting BASE jumping *with a permit* during a one-day event each year shows that the NPS has acted unreasonably as to him (*see* Doc. No. 20), he did not have a permit, and the Ninth Circuit already recognized the New River Gorge practice when upholding the NPS's construction of § 2.17(a)(3) to categorically prohibit BASE jumping in every other national park. *Id.* at 992 & n.1. To the extent Nunn disagrees with the policy decisions made by the NPS, he should ask the political branches to change the underlying policy, not ask this Court to disregard controlling case law.

For the foregoing reasons, Nunn's APA challenge should be rejected.

Dated:  December 10, 2021

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ BRODIE M. BUTLAND
BRODIE M. BUTLAND
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2021, a copy of the foregoing was served on all parties by operation of this Court's CM/ECF system.

Dated:  December 10, 2021

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ BRODIE M. BUTLAND
BRODIE M. BUTLAND
Assistant United States Attorney