HEATHER E. WILLIAMS, #122664
Federal Defender
BENJAMIN A. GERSON, NY Bar #5505144
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
DAVID A. NUNN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                *Plaintiff,*<br><br>  vs.<br><br>DAVID A. NUNN,<br><br>                *Defendant.* | Case No. 6:20-mj-00742-HBK<br><br>DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS<br><br>JUDGE: Hon. Helena Barch-Kuchta |

**MEMORANDUM**

David A. Nunn, defendant in the above captioned case, through undersigned counsel, respectfully files the instant memorandum of law in support of motion to dismiss. *See,* ECF #18.

**I.    Introduction**

Mr. Nunn filed a motion to dismiss one count of violating 36 C.F.R. § 2.17(a) on April 27, 2021. ECF #18. The government filed opposition on June 7, 2021, and Mr. Nunn replied on June 21, 2021. ECF # 27; 28. This court heard oral argument on October 12, 2021, and requested additional briefing. The government filed a supplemental memorandum of law on December 10, 2021. ECF # 39.

Mr. Nunn's argument is multi-layered. First, Mr. Nunn raises two administrative law challenges. Mr. Nunn argues that the regulation of aircraft in national parks was improperly promulgated because it fails to properly set forth a reasoned analysis within a statement of basis

and purpose. *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *International Ladies Garment Worker Union v. Donovan*, 722 F.2d 795 (D.C. Cir. 1983). The adjoining argument is regardless of whether the underlying regulation was promulgated correctly, the National Park Service's internal decision to ban BASE jumping without a similar reasoned analysis is arbitrary and capricious. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971). Second, the government raises procedural bars to Mr. Nunn challenging the underlying regulation. The government argues the exhaustion requirement bars review in federal court absent a showing that Mr. Nunn was rebuffed from all administrative remedies. The government also argues that 28 U.S.C. §2401 bars judicial review. ECF #39 at 3. The exhaustion requirement is inapplicable as the ban on BASE jumping is a final agency action. *San Francisco Herring Association v. Department of the Interior*, 946 F.3d 564, 575 (2019). The statute of limitations is not applicable as the plain reading of the statute indicates it applies in civil matters only. It if does apply in criminal matters the statute of limitations has not run, and the government supplies no authority to demonstrate that Mr. Nunn is barred from raising the instant motion to dismiss as a result of his prior conviction. To do so would raise serious constitutional concerns. *Adamo Wrecking Co. v. United States*, 434 U.S. 275 (1978). The instant memorandum will address each in turn.

**II.      The government misinterprets Mr. Nunn's challenge as interpretive when in fact the underlying regulation is invalid.**

In their supplemental memorandum, the government correctly states that an administrative agency may interpret its own regulations without notice and comment rulemaking. In *Gunderson v. Hood*, 268 F.3d 1149, 1153-1154, upon which the government relies, the Ninth Circuit made clear that an interpretive rule is one which clarifies or explains existing regulations. Conversely, a rule which is inconsistent with or amends an existing legislative rule is not interpretive, as it imposes new rights or obligations. *Id.* at 1154. The government relies on this rule first to argue that because 36 C.F.R. §2.17(a) was a preexisting regulation merely interpreted to subsume BASE jumping, and that therefore the ban on BASE jumping, specifically within the meaning of the regulation, is not subject to notice and comment rule making. This is correct.

However, Mr. Nunn has never argued that BASE jumping was not covered by the prohibition

on delivering a person by parachute stated in 36 C.F.R. § 2.17(a). Indeed, at oral argument before this court, defense counsel stated:

> MR. GERSON: [] I don't think we debate that based off if it involves a parachute or delivery into the park, it is really a question of why the park wants to prohibit that.

Argument Tr. at 23, Oct. 12, 2021. *See also,* Argument Tr. at 43, Oct. 12, 2021. The "why" question – and the basis for Mr. Nunn's opening brief – is what factual analysis did the park service engage in during the promulgation of the regulations that validate the ban on aircraft, specifically, BASE jumping parachutists? The National Park Service is required to answer this question as a threshold matter when promulgating regulations. They have not fulfilled this requirement, and the government offers no explanation or excuse. Had the National Park Service engaged in any type of analysis, for example, differentiating fixed wing from rotor aircraft, ground support requirements, pollution control, or the impact on wildlife, the regulation would likely comply with the strictures of the Administrative Procedures Act. The government, both at oral argument and in their supplemental briefing, has failed to address this issue, despite the fact that numerous Circuit Courts and the U.S. Supreme Court have held the requirement of a reasoned analysis and statement of basis and purpose essential to the survival of a regulation. *See e.g., S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *International Ladies Garment Worker Union v. Donovan*, 722 F.2d 795 (D.C. Cir. 1983).

The scope of 36 C.F.R. 2.17(a) is broad, covering all aircraft. Mr. Nunn has no legal or factual basis to challenge the National Park Service's regulation of aircraft beyond the type he is prosecuted for using, and his attack is thus narrowed to the application of 36 C.F.R. § 2.17 to BASE jumping in the national park. *See, Hoye v. City of Oakland*, 653 F.3d 835, 857 (9th Cir. 2011)("A paradigmatic as-applied attack, by contrast, challenges only one of the rules in a statute, a subset of the statute's applications, or the application of the statute to a specific factual circumstance, under the assumption that a court can separate valid from invalid subrules or applications)(internal quotations omitted).

Even if this court finds that the regulation was promulgated correctly, the internal decision making processes of Yosemite law enforcement to ban BASE jumping in the 1980s

were impermissible under *Overton Park* because they relied on animus towards the sport and its practitioners, rather than reasoned decision making. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971); *See also,* ECF #18 at 4-7, 16-17 (detailing harsh enforcement in Yosemite and the reasoning behind it).

### III. The six year statue of limitations in 28 U.S.C. § 2401 nor the exhaustion requirement apply to Mr. Nunn's case.

Generally, if a regulation or enabling statute requires administrative exhaustion prior to judicial review, the moving party must exhaust those remedies first. However, in cases where no administrative exhaustion is required, or where a final agency decision has been made, a movant may seek review of the regulation directly in federal court. *San Francisco Herring Association v. Department of the Interior*, 946 F.3d 564 (2019). The government has failed to demonstrate that the National Park Service regulations or enabling statutes require administrative exhaustion before seeking judicial review. At oral argument, the court, *sua sponte*, raised the issue of whether Mr. Nunn could have obtained a BASE jumping permit, and if he were denied, whether he could have appealed to the National Park Service. It is clear that no plausible path exists to apply for or appeal the denial of a permit for BASE jumping. As detailed in Mr. Nunn's opening brief, enforcement has been draconian for decades. ECF #18 at 4-7, 16-17. Experienced base jumpers have detailed the hostile intransigence of the National Park Service in numerous publications. *Id.* While a permitting system remains in the Yosemite compendium, none have been issued in decades. The government, at oral argument, conceded that no permitting or appeal process existed:

> MR. SPIVAK: [] Our view is that the process that you can apply for is that procedure, but I'm not aware of an appellate procedure. So if Mr. Nunn had applied for a permit and it was denied, I think at that point he would be exhausted because --
> THE COURT: Unless there is a provision within the Park Service that requires --
> MR. SPIVAK: Yes, which I didn't find. I looked for it and I didn't find.
> THE COURT: Uh-huh.

Argument Tr. at 50, Oct. 12, 2021. Thus, the exhaustion requirement is not applicable to Mr. Nunn's case.

The government has repeatedly raised the issue of 28 U.S.C. § 2401 as a bar to attacking 36 C.F.R. § 2.17. In its supplemental brief, the government cites numerous cases in which the six year statute of limitations has been applied. Every single case the government cites is a civil action. Almost invariably in those cases, a private plaintiff sought relief through civil suit for agency action. *See,* ECF #39 at 3-4. In those cases, there is little doubt that the six year statute of limitations applies. Indeed, the plain reading states: "…every *civil* action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401 (emphasis added). Further, the fact that the statute itself is contained within Title 28, not Title 18, indicates it is only appropriately applied to civil actions. In each of the cases the government cites, the rule is clear: commencement of a civil suit must proceed within six years of the promulgation of the regulation. Mr. Nunn's case is not a civil case. He is not suing the government for relief, and thus this reading of § 2401 is inapplicable.

The government, in their reply brief, rely on the Ninth Circuit's interpretation of § 2401 in criminal cases. *See*, ECF #27 at 9. In that brief, the government cites *U.S. v. Backlund*, 689 F.3d. 986 (9th Cir. 2012). In *Backlund,* the Ninth Circuit made clear that a defendant who had previously exhausted his administrative appeals, should they be available, may challenge agency action in a subsequent criminal proceeding predicated on an administrative regulation and obtain judicial review as long as such review is sought within six years. *Id.* at 1001. That case concerned the denial of a mining permit, and thus challenges an agency decision, rather than the underlying regulation. It is unclear whether the criteria set forth in *Backlund* apply to a challenge to the underlying regulation. In the event the court finds they do, Mr. Nunn is within the criteria set forth in *Backlund*, as no administrative permitting procedure or appeal was available, and he is within the statute of limitations.

The government points to Mr. Nunn's 1998 conviction for BASE jumping in Yosemite as a basis to deny him judicial review. The government offers no support for the proposition that a prior criminal conviction forecloses on current defenses. All of the support the government relies on is rooted in civil procedure, and likely has little weight when applied to a defendant's

constitutional rights. Guidance from the Supreme Court, however, is persuasive. In *Adamo Wrecking Co.v. United States*, 434 U.S. 275 (1978) enforcement of the clean air act was statutorily precluded from judicial review, even in criminal proceedings. *Id.* at 277. The Supreme Court did not directly address the constitutionality of such preclusion, and instead narrowed the definition of the proscribed activity. However, Justice Powell's concurrence is informative:

> If the constitutional validity of § 307(b) of the Clean Air Act had been raised by petitioner, I think it would have merited serious consideration. This section limits judicial review to the filing of a petition in the United States Court of Appeals for the District of Columbia Circuit within 30 days from the date of the promulgation by the Administrator of an emission standard. No notice is afforded a party who may be subject to criminal prosecution other than publication of the Administrator's action in the Federal Register.

*Adamo Wrecking* at 289. The issues identified by Justice Powell mirror those in the instant case. That an average person, who does not regularly browse the Federal Register, may be subject to criminal liability without recourse to judicial review. The constitutional rights of criminal defendants, as well as procedural due process demand that Mr. Nunn be afforded judicial review.

**IV.     Conclusion**

For the foregoing reasons, this court should grant Mr. Nunn's motion to dismiss on the grounds that the 36 C.F.R. §2.17(a) is arbitrary and capricious, or, in the alternative, that the National Park Service's ban on BASE jumping violates *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971). Mr. Nunn is not procedurally barred by either an exhaustion requirement or a statute of limitations and is entitled to judicial review. Denial of judicial review in these circumstances raises serious constitutional due process concerns.

Dated: January 24, 2022                    Respectfully submitted,

                                           HEATHER E. WILLIAMS
                                           Federal Defender

                                           */s/ Benjamin A. Gerson*
                                           BENJAMIN A. GERSON
                                           Assistant Federal Defenders
                                           Attorneys for David A. Nun