Rene L. Valladares
Federal Public Defender
Nevada Bar No. 11479
Benjamin A. Gerson
Assistant Federal Public Defender
New York State Bar No. 5055144
Benjamin_gerson@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
(702) 388-5819 (fax)

Attorney for Defendant
DAVID NUNN

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID NUNN<br><br>Defendant. | Case No. 6:20-PO-00742-HBK<br><br>**NOTICE OF MOTION AND MOTION FOR EVIDENTIARY HEARING IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS.**<br><br>Hon. Helena Barch-Kuchta |

**TO: SEAN ANDERSON, YOSEMITE NATIONAL PARK LEGAL OFFICER PLEASE TAKE NOTICE** that as soon as this matter can be heard before the Honorable United States Magistrate Judge Helena Barch-Kuchta, Benjamin A. Gerson, Assistant Federal Defender, counsel for the defendant, David Nunn, hereby moves the court to grant an evidentiary hearing to supplement the record by means of documentary evidence and live testimony in support of defendant's motion to dismiss.

Dated: February 15, 2023

Rene L. Valladares
Federal Defender
*/s/ Benjamin A. Gerson*
BENJAMIN A. GERSON
Assistant Federal Defender
Attorney for Defendant
David Nunn

**I. Introduction**

On April 27, 2021, defendant David Nunn moved this court to dismiss the complaint alleging that Mr. Nunn violated 36 C.F.R. § 2.17(a) on the basis that the regulation banning BASE jumping in Yosemite National Park is arbitrary and capricious. *See* ECF No. 18. The government opposed. The court heard oral argument and ordered supplemental briefing. Most recently the court heard a second oral argument on February 6, 2023[1]. During that argument, the court raised concerns about the evidentiary record supporting Mr. Nunn's motion to dismiss.

The instant motion addresses the court's concerns about the evidentiary record as it pertains to Mr. Nunn's second claim. In that claim, Mr. Nunn pleaded that Yosemite National Park's ban and enforcement of BASE jumping is arbitrary and capricious under *Overton Park v. Volpe*, 401 U.S. 402 (1971). Specifically, Yosemite National Park's decision to enforce a strict ban on BASE jumping is arbitrary as a matter of agency decision making. As detailed in the motion to dismiss, the park allows similar activities such as hang gliding. *See* ECF No. 18 at 17. Documentary evidence proffered in the motion to dismiss demonstrates a clear animus toward the sport, undermining the presumption of regularity afforded to agency decision making. *See* ECF No. 18 at 4.

At the February 6, 2023, hearing the court expressed concerns that Mr. Nunn's documentary proffers were not properly part of the evidentiary record. In addition, the court expressed concern that the current availability of permits for

---

[1] The prior procedural history of Mr. Nunn's motion to dismiss is detailed at ECF No. 43 at 1.

BASE jumping in Yosemite National Park is unclear. Broad permitting allowances set forth in the Yosemite Compendium[2] conflict with widespread accounts of permit denials in the BASE jumping community. *See* ECF No. 18 at 4. Mr. Nunn now moves the court to expand the evidentiary record by means of documentary evidence and live testimony at an evidentiary hearing to resolve these factual issues.

## II.   Evidentiary Development is Necessary.

### A.   Evidentiary development is necessary under *Overton Park*.

In *Overton Park*, the Supreme Court expressly authorized reconstruction of the administrative record by means of an evidentiary hearing and remanded to the District Court. *Overton Park*, 401 U.S. at 419–420. Because Yosemite National Park did not engage in formal rulemaking or adjudication in determining the enforcement priorities surrounding BASE jumping, reconstruction of the administrative record is essential. While *Overton Park* contemplated an evidentiary hearing to supplement a "bare record", *Id.* at 420, the instant case has even less than a "bare record." The government has not adduced any information to refute Mr. Nunn's allegations that the enforcement of BASE jumping was arbitrary. The court should grant an evidentiary hearing to establish the administrative record surrounding BASE jumping enforcement policies.

---

[2] Available at: https://www.nps.gov/yose/learn/management/lawsandpolicies.htm

4

**B.   Evidentiary development is necessary under *San Francisco Herring*.**

Evidentiary development is necessary to clarify Yosemite National Park's enforcement posture under *San Francisco Herring*, 946 F.3d 564, 577–578 (2019). The Yosemite Compendium appears to provide for permit opportunities for BASE jumping in the park. However, the long-standing consensus in the BASE jumping community is that Yosemite National Park will not issue a BASE jumping permit under any circumstances. *See* ECF No. 18 at 4. If true, the long term refusal to issue a permit constitutes final agency action subject to judicial review. *San Francisco Herring* provides a clear test for final administrative action and the futility of pursuing unavailable administrative remedies. *Id.* at 577–578. Because the government's opposition rests in part on the requirement to exhaust administrative remedies before challenging the underlying regulation, this court should grant an evidentiary hearing to clearly establish the park's permitting, appeals, and enforcement policy surrounding BASE jumping.

**C.   Evidentiary development is necessary because of a material dispute of fact.**

Because the resolution of a material issue of fact would entitle Mr. Nunn to relief, this court should hold an evidentiary hearing. *U.S. v. Irwin*, 612 F.2d 1182, 1887 (1980) ("If, in fact, a material issue of fact were raised which if resolved in accordance with appellant's contentions would entitle him to relief, an evidentiary hearing would be required") (internal quotation and parentheses omitted).

Whether Mr. Nunn is entitled to relief turns on a reconstruction of the administrative record with respect to enforcement priorities, permitting, and

administrative remedies. The Yosemite Compendium facially contradicts Mr. Nunn's position, and the government's opposition relies on procedural requirements underpinned by these facts. Because resolving the motion to dismiss relies heavily on disputed facts, the court should grant an evidentiary hearing. While an evidentiary hearing on a motion to dismiss is rare, it is proper in these circumstances. *See Irwin*, 612 F.2d at 1187 (motion to dismiss indictment); *U.S. v. Carrillo-Lopez*, 555 F.Supp.3d 996, 1000 (2021) (evidentiary hearing proper on motion to dismiss alleging the charging statute as unconstitutional).

### III. Conclusion

For the forgoing reasons this court should order evidentiary development by means of documentary evidence and live testimony at an evidentiary hearing.

Dated this 15 day of February 2023.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ Benjamin A. Gerson*
Benjami A. Gerson
Assistant Federal Public Defender