PHILLIP A. TALBERT
United States Attorney
BRODIE M. BUTLAND
JEFFREY A. SPIVAK
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID A. NUNN,<br><br>Defendant. | CASE NO. 6:20-PO-00742-HBK<br><br>UNITED STATES' OPPOSITION TO DEFENDANT DAVID NUNN'S MOTION FOR EVIDENTIARY HEARING |

  Defendant Nunn moved to dismiss the complaint against him on April 27, 2021. He did not ask for an evidentiary hearing. Nor did he ask for an evidentiary hearing in his June 2021 reply brief (ECF No. 28), at an October 2021 motion hearing (ECF No. 36), or in his January 2022 reply brief (ECF No. 43). Now, after two rounds of briefing, two hearings, and nearly two years since he filed his initial motion, Nunn asks for an evidentiary hearing to support his April 2021 motion to dismiss.

  Nunn's request violates Local Rule 430.1(h), is unsupported by any declarations or other sworn evidence, and appears aimed at establishing the same assertions that he presented in his initial motion to dismiss, without any explanation for his nearly two-year delay in seeking the relief he could and should have sought in April 2021. His request also is futile—the six-year statute of limitations would bar Nunn's Administrative Procedure Act challenge.

  The Court and the United States have expended enough time on Nunn's motion to dismiss, which has already been protracted by Nunn's repeatedly shifting positions. "Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court," and the Court has an

"inherent right and duty to manage its own calendar." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986); *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978). Two years, five briefs, and two hearings are enough—the Court should reject Nunn's last-minute, non-specific, futile request to re-open the record for a "rare" evidentiary hearing. *See* ECF No. 49, at 6.

## I. Nunn's request for an evidentiary hearing is procedurally defective.

Nunn seeks an evidentiary hearing to support his April 2021 motion to dismiss. "If a party desires an evidentiary hearing, that request must be stated specifically in the motion, along with an estimate of the time required for the presentation of evidence and/or arguments. The reply brief shall contain a re-estimate of the time or a statement that the original estimate is unchanged." L.R. 430.1(h).

Nunn did not request an evidentiary hearing in his motion to dismiss (or any other briefing) as required by Local Rule 430.1(h), despite that the facts he now seeks to prove were discussed in his initial motion to dismiss. *See* ECF No. 49, at 3 ("Documentary evidence proffered in the motion to dismiss demonstrates a clear animus toward the sport[.]").[1] He offers no explanation for his delay in requesting an evidentiary hearing to establish facts he already knew could be in issue. His Motion should be denied on untimeliness alone. *See United States v. Lopez*, 762 F.3d 852, 867 (9th Cir. 2014).

Local Rule 430.1(h) also required Nunn to provide a time estimate for the presentation of evidence or arguments. Nunn has never done this either, nor does he suggest how he desires to conduct the evidentiary hearing, who he intends to call as witnesses, what documents he wishes to present, or what specific facts he hopes to establish. He has, in short, not provided the Court with information it needs to determine the propriety of an evidentiary hearing. His Motion should be denied. *United States v. Cano-Gomez*, 460 F. App'x 656, 657 (9th Cir. 2011) (affirming denial of evidentiary hearing to support a motion to dismiss because defendant "failed to 'allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist[ed]'"

---

[1] *Compare* ECF No. 49, at 3-5 (suggesting that the evidentiary hearing would generally concern the NPS's alleged "animus" towards BASE jumping, "widespread accounts of permit denials in the BASE jumping community," and the "long-standing consensus in the BASE jumping community . . . that Yosemite National Park will not issue a BASE jumping permit under any circumstances") *with* ECF No. 18, at 5-7 (describing alleged history of animus by Yosemite park rangers towards BASE jumping); *id.* at 17 (describing "[w]idespread accounts of hostility towards BASE jumpers"); ECF No. 28, at 5 ("The National Park Service has refused to consider many protests to their policy . . . . Yosemite's intransigence with respect to BASE jumping is well documented.").

(quoting *United States v. Howell*, 231 F.3d 615, 520 (9th Cir. 2000))).

## II. Nunn's request for an evidentiary hearing is not supported by necessary evidence.

Nunn's Motion does not enumerate any specific facts that he seeks to establish at an evidentiary hearing—he just generally refers to "widespread accounts of permit denials in the BASE jumping community" and the "long-standing consensus in the BASE jumping community . . . that Yosemite National Park will not issue a BASE jumping permit under any circumstances." ECF No. 49, at 4-5. Notably absent from his Motion, however, are any sworn declarations or affidavits relating to the purported "accounts" or "consensus," despite that Nunn and the BASE jumping community have this information. Instead, Nunn's "factual statements were raised as unsworn arguments of defense counsel. . . . The district court would [be] well within its rights to reject the request for an evidentiary hearing on this ground alone." *United States v. Schafer*, 625 F.3d 629, 636 n.3 (9th Cir. 2010); *see also United States v.* Zone, 403 F.3d 1101, 1106 (9th Cir. 2005); *United States v. Wardlow*, 951 F.2d 1115, 1116 (9th Cir. 1991); *United States v. Moran-Garcia*, 783 F. Supp. 1266, 1269 (S.D. Cal. 1991) ("[T]he Constitution does not require an evidentiary hearing when no affidavit or declaration has been provided to the Court to place facts into issue."). In addition to its procedural infirmities, Nunn's Motion also should be denied due to a lack of necessary factual proffer through sworn declarations.

## III. An evidentiary hearing would be futile in this case.

The Court "need conduct no evidentiary hearing . . . unless the resolution of that dispute may make a material difference in the Court's consideration of the underlying motion." *Moran-Garcia*, 783 F. Supp. at 1271. Courts are not required to conduct evidentiary hearings if doing so would be futile and not affect resolution of a pending motion. *See United States v. Simpson*, 950 F.2d 1519, 1521 (10th Cir. 1991); *United States v. Salutiano-Hernandez*, 215 F. App'x 935, 938 (11th Cir. 2007); *United States v. Carbonaro*, 186 F. App'x 41, 44 (2d Cir. 2006).

Here, even if Nunn could establish the underlying facts proffered in his April 2021 motion to dismiss, he would still be barred from raising his APA challenges by the six-year statute of limitations. USA Supp. Opp., ECF No. 39, at 3. Nunn clarified during the February 6, 2023 hearing that he procedurally challenges[2] to two final agency actions under the APA: (1) the implementation of 36

---

[2] As described in the United States' Supplemental Opposition, APA challenges may be

C.F.R. § 2.17(a)(3) in 1983; and (2) the decision to ban BASE jumping entirely due to alleged animus, which from his earlier briefing appears to have been sometime in the 1980s (*see* ECF No. 18, at 4, 17; ECF No. 28, at 4). Nunn has never identified any other final agency actions, such as a denial of a permit he requested or rejection of a comprehensive proposal for a permitting system that he or other BASE jumpers made to the Yosemite Superintendent.[3]

Both final agency actions, however, occurred 40 years ago, and thus Nunn's APA challenges to them are time-barred. Nunn has argued that the APA statute of limitations only applies to civil actions, but the Ninth Circuit has applied the six-year limitations period in two criminal cases to bar procedural APA challenges. *United States v. Backlund*, 689 F.3d 986 (9th Cir. 2012); *United States v. Lowry*, 512 F.3d 1194, 1202 (9th Cir. 2008). And although Nunn has suggested that it would be unfair to apply the six-year limitations period to him, the Ninth Circuit has already rejected such concerns because "[t]he grounds for such challenges will usually be apparent to any interested citizen within a six-year period," and "[t]he government's interest in finality outweighs a late-comer's desire to protest the agency's action as a matter of policy or procedure." *Wind River Mining Corp. v. United States*, 946 F.2d 710, 715 (9th Cir. 1991); *see also Shiny Rock Mining Corp. v. United States*, 906 F.2d 1362, 1365 (9th Cir. 1990) (holding that standing to sue is not a prerequisite to beginning a statute of limitations). Nunn's unfairness argument is especially weak because he already had an opportunity to raise his procedural challenges in his 1999 conviction for the same offense but chose not to do so.

*San Francisco Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564 (9th Cir. 2019), does not rescue Nunn's APA challenges from the statute of limitations either. That case merely held that a final

---

procedural or substantive. The former attacks a regulation based on procedural deficiencies in its adoption, whereas the latter asserts that the substance of the regulation is illegal or cannot be applied to a particular case. ECF No. 39, at 1-2. During the February 6, 2023 hearing, Nunn clarified that he only raises procedural challenges under the APA; he no longer asserts that BASE jumping does not fall within 36 C.F.R. § 2.17(a)(3).

[3] As discussed at the February 6, 2023 hearing, Superintendent Neubacher approved a detailed proposal by the Yosemite Hang Gliding Association (YHGA) to create a special use permit system for hang-gliding, and Nunn offered many documents related to that proposal as Exhibit A to his motion to dismiss. *See* ECF No. 18-1. The proposal included designated launch and landing sites, permitted hours and months for hang-gliding activity, a maximum number of daily launches, required permissions from the Yosemite Emergency Communications Center, and supervision by YHGA authorized monitors. *Id.* at 3. Nunn has never offered evidence that he or any other members of the BASE jumping community have made a similar comprehensive proposal to the Yosemite Superintendent.

agency action can exist through enforcement decisions making clear that certain conduct violates federal law, and that a party need not "engineer a *further* final agency action in a different form" to raise an APA challenge. *Id.* at 578-79. Even if Nunn could rely on *San Francisco Herring* to suggest that a de facto total ban on BASE jumping was created through the actions of Yosemite park rangers, those actions occurred in the 1980s, and Nunn's opportunity to challenge them has long since passed. At most, *San Francisco Herring* could only absolve Nunn of having to apply for a permit to create a final agency action. But nothing in the decision suggests that he need not comply with the six-year statute of limitations for raising a procedural APA challenge to a given final agency action. Indeed, the decision never had occasion to discuss the statute of limitations because the defendants had timely made their APA-based collateral challenges after the government took enforcement actions. That is not the case here, where Nunn's procedural challenge is over 30 years too late.

## IV. CONCLUSION

For the foregoing reasons, Nunn's Motion for an Evidentiary Hearing should be denied as untimely, procedurally defective, lacking in necessary supportive evidence, and futile.

Dated: February 21, 2023

PHILLIP A. TALBERT
United States Attorney

By: /s/ BRODIE M. BUTLAND
BRODIE M. BUTLAND
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2023, a true and accurate copy of the foregoing has been served on all counsel of record via operation of this Court's CM/ECF system.

/s/ BRODIE M. BUTLAND
Brodie M. Butland
Assistant United States Attorney