HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
KARA R. OTTERVANGER, CA Bar # 354424
Assistant Federal Defender
Kara_Ottervanger@fd.org
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
BENJAMIN A. GERSON, NY Bar # 5505144
Assistant Federal Defender
Benjamin_Gerson@fd.org
411 E. Bonneville Ave. Suite 250
Las Vegas, NV 89101
Telephone: (702) 388-6577

Attorneys for Defendant
DAVID NUNN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID NUNN <br><br> Defendant. | Case No. 6:20-PO-00742-HBK <br><br> MOTION FOR RECONSIDERATION AND RENEWED REQUEST FOR EVIDENTIARY HEARING; MEMORANDUM OF POINTS AND AUTHORITIES <br><br> Argument requested <br><br> JUDGE: Hon. Helena Barch-Kuchta |

**TO: JEFFREY SPIVAK, ASSISTANT UNITED STATES ATTORNEY**

**PLEASE TAKE NOTICE** that as soon as this matter can be heard before the Honorable United States Magistrate Judge Helena Barch-Kuchta, Benjamin A. Gerson and Kara R. Ottervanger, Assistant Federal Defenders, counsel for the defendant, David Nunn, hereby moves the court reconsider its Order Denying Defendant's Motion to Dismiss and Defendant's Motion For Evidentiary Hearing. ECF No. 55.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   Introduction

Defendant David Nunn moves this Court pursuant to Local Rule 303(b); 430.1(i) to reconsider its Order Denying Defendant's Motion to Dismiss and Defendant's Motion for Evidentiary Hearing (Order) issued on February 27, 2024. ECF. No. 55. This Court's Order denied Mr. Nunn's motions as time-barred under 28 U.S.C. § 2401(a) which generally imposes a six-year statute of limitations from the date an agency promulgates a final rule. On July 1, 2024, the U.S. Supreme Court issued its opinion in *Corner Post Inc. v. Board of Governors of the Federal Reserve System*, 603 U.S. ___, 144 S. Ct. 2440 (2024). *Corner Post* held that the six-year statute of limitations under 28 U.S.C. § 2401(a) runs from the date of injury. *Corner Post*, 144 S. Ct. at 2450. Because Mr. Nunn's case is not final on direct appeal, he is entitled to retroactive application of the new rule. *Teague v. Lane*, 489 U.S. 288, 304–305 (1989) (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

Because Mr. Nunn's argument in support of his Motion to Dismiss is not time-barred, this court should consider the merits of Mr. Nunn's challenge under the Administrative Procedure Act (APA) 5 U.S.C. §§ 702, 704. Mr. Nunn has presented ample evidence that the ban on BASE jumping in Yosemite National Park is both final and arbitrary and capricious. This court should grant relief and dismiss Count 2.

## II.   Procedural History

On April 27, 2021, Mr. Nunn filed a motion to dismiss Count 2, a violation of 36 C.F.R. 2.17(a). ECF No. 18. Mr. Nunn argued that the regulation prohibiting BASE jumping is arbitrary and capricious within the meaning of the Administrative Procedure Act 5 U.S.C § 706(2) because (1) the regulation was made without necessary statement of basis and purpose and reasoned analysis 5 U.S.C. § 553(c), and (2) informal adjudication lacked reasoned analysis.

Extensive opposition briefing and argument followed, including defendant's motion for an evidentiary hearing, detailed in this Court's Order. ECF No. 55 at 1–2. Following this Court's Order, the case was set for trial. ECF No. 57. Before the trial began, the Supreme Court decided

*Corner Post*, 144 S. Ct. 2440. The instant motion follows.

**III.   Argument**

    **A.   This Court should grant Mr. Nunn's motion to dismiss because it not time barred.**

This Court's Order denying Mr. Nunn's motion to dismiss rested on a finding that both his challenge to the rule's promulgation and the informal adjudication are time barred. Order at 6, 7, 12. This Court held that the six-year statute of limitations began to run at the time the regulation was promulgated. Order at 8 (citing *Shiny Rock Mining Corp. v. United States*, 906 F.2d 1362, 1363) (9th Cir. 1990)). This Court also held that the six-year statute of limitations to challenge the informal adjudication banning BASE jumping began to run when Mr. Nunn was charged with BASE jumping in 1998. Order at 12. *Corner Post* makes clear that this is incorrect.

    **1.   The Supreme Court's decision in *Corner Post* clarified the time limits for challenging the promulgation of the regulation.**

With respect to Mr. Nunn's challenge to the promulgation of 36 C.F.R. § 2.17(a), there can be little doubt that the six-year statute of limitations does not apply. *Corner Post* dealt with a challenge to an administrative regulation brought under identical sections of the Administrative Procedure Act. *Corner Post*, 144 S. Ct. at 2449. As in Mr. Nunn's case, the regulation at issue in *Corner Post* sufficiently predated the challenge and was considered time-barred by the lower courts. The Supreme Court clarified that the six-year statute of limitations begins from the time the cause of action accrues. *Id.* at 2450. That accrual—when the cause of action becomes "complete and present"—only occurs when the plaintiff can file suit and obtain relief. *Id*. In the context of APA challenges, three elements are required to form a complete and present cause of action. First, the cause of action accrues when the plaintiff is injured. 5 U.S.C. § 702. Second, the cause of action requires a final agency action 5 U.S.C. § 704. Third, the ability to challenge the rule and obtain judicial review must be available.

All three elements are met here. First, although 36 C.F.R. § 2.17(a) was promulgated in 1983, Mr. Nunn was only injured by the regulation in 2021, when he was criminally charged under

the section. Second, there has been a final agency action, specifically, the promulgation of 36 C.F.R. § 2.17(a) and ongoing denial of permits for BASE jumping in Yosemite and other national parks, discussed *infra*. Third, Mr. Nunn's case is non-final and properly before this Court within the statute of limitations. Judicial review is available. See generally, 5 U.S.C. § 702.

The Supreme Court's decision in *Corner Post* also clarified the time frame for challenging the informal adjudication. This Court's order relies on *Wind River Mining Corp. v. United States*, 946 F.2d 712, 715–16 (9th Cir. 1991) for the proposition that when an administrative decision affects a particular individual, that individual must bring a challenge within six years, and bring it in the first instance of the decision. Order at 8–9. This analysis overlooks key distinctions set forth in *Wind River*. The Ninth Circuit's opinion in *Wind River* characterizes challenges into two broad groups. First, challenges which allege "procedural violations in the adoption of a regulation or agency action" as well as challenges which are "policy-based facial challenges". *Id.* at 715. Second, challenges which pertain to a particular "interested" person, and in which the challenge alleges the agency exceeded its authority. *Id*. Under *Wind River* an individual in the second category is authorized to bring a challenge when the regulation is applied to them, even if that is later than six years from the date of the regulation. *Id.* at 716.

In *Wind River*, the challenger alleged that the BLM had exceeded its authority by declaring a wilderness study area not authorized by statute. *Id.* at 711. This placed the challenger squarely in the second category. Mr. Nunn, however, has never argued that the National Park Service (NPS) acted in excess of their authority. There is no doubt that the NPS may regulate activities within the national park units, but it must follow the applicable procedures. This places Mr. Nunn in the first *Wind River* category. Regardless, *Corner Post* abrogated the two categories outlined in *Wind River*, and the six-year statute of limitations begins when a challenger is injured, regardless of which *Wind River* category they would have fallen under.

### 2. Mr. Nunn's prior conviction for BASE jumping does not bar his APA challenge.

In 1998 Mr. Nunn was convicted of a prior offense for BASE jumping. This prior offense does not preclude Mr. Nunn from challenging the regulation now. Despite being subject to the same regulation in 1998, there was no legal mechanism by which to challenge the regulation, because the then-binding interpretation of 28 U.S.C. § 2401(a) set the statute of limitations as running from the date of the promulgation of the regulation—1983. *See Wind River*, 946 F.2d at 715. As it was then understood, in 1998 the statute of limitations had already run. It was not until 26 years later that the Supreme Court clarified that the availability of judicial review ran from the date of *injury*.

In *Corner Post*, the Supreme Court made clear the statute of limitations begins to run only when the cause of action accrues. *Corner Post*, 144 S. Ct. 2451. The Supreme Court stated that "a cause of action does not become complete and present for limitations purposes . . . until the plaintiff can file suit and obtain relief." 144 S. Ct. 2451 (citing *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)) (internal quotations omitted). Because the understanding of the statute of limitations was different in 1998, Mr. Nunn could not have formed a complete cause of action because he could not obtain judicial review. The instant case is Mr. Nunn's first opportunity to challenge the regulation.

In *Wind River*, the Ninth Circuit allowed limited challenges outside the six-year statute of limitations when the regulation was applied to a particular individual. 946 F.2d at 716. In that case, the Ninth Circuit applied the statute of limitations to the *latest* instance of agency action. 946 F.2d at 714. In addition, it tempered the availability of such challenges by applying the principle of *res judicata* "once the claimant's first challenge is resolved." *Id*. at 716. Applying the same rule, this is Mr. Nunn's latest injury, but his first challenge.

### 3. No waiver of enforcement challenge.

The Supreme Court's opinion in *Corner Post* leaves open the possibility of challenging a regulation when an agency seeks to enforce it, even if more than six years have passed since the

regulation was promulgated. *See Corner Post*, 144 S. Ct. at 2450 n.2 (noting that the respondents recognized enforcement challenges in their briefing). This is parallel to Mr. Nunn's argument a time bar on his challenge to the regulation as an affirmative defense violates his due process rights. Because this Court's Order proceeds from the analysis of the APA as a civil challenge nested in the defense to a criminal charge, the instant motion addresses that analysis only. *See* Order at 8. However, Mr. Nunn does not waive any argument that he is entitled to challenge the regulation as a defense to an enforcement action. *See* Doc. 43 at 5–6, and *Adamo Wrecking Co.v. United States*, 434 U.S. 275, 293 (1978) (Stewart, J., dissenting).

      **B.**      **The factual proffer demonstrates that the National Park's ban on BASE jumping is arbitrary and capricious.**

Because the Supreme Court's decision in *Corner Post* clarified when the statute of limitations begins to run on a challenge to an administrative regulation, and because this Court's Order denying Mr. Nunn's challenge rested upon that time having expired, this Court should consider Mr. Nunn's motion to dismiss on the merits.

      **1.**      **The availability of a permit is pretextual as the NPS has never issued a BASE jumping permit.**

The policies and decisions governing activities in national parks must be made based on factual reasoning. For forty years, the policies concerning BASE jumping have been driven by dislike of the sport and its participants. Mr. Nunn has proffered substantial evidence that there is a historic and ongoing animus towards BASE jumpers.

In its Order, this Court relies on the availability of a permit, as stated in the superintendent's compendium, for the proposition that BASE jumpers may lawfully parachute in the park via the correct procedures. Order at 13. Mr. Nunn argued that there has never been a realistic permit process, and the availability of a permit in the compendium is pretextual. Efforts by the BASE-jumping community across multiple national parks and national park offices have made clear that

no national park[1] will ever issue a BASE jumping permit. *See* Exhibit A, Declaration of Brendan Weinstein. It is also clear that there is no administrative appeal procedure, and thus a permit denial is the final agency action. Exhibit A at ¶¶ 13–15.

In addition, national parks have been directed to respond to BASE jumping permit requests by deflecting applications under the guise of a "park planning process." *See* Exhibit B, Shott Memo. To date, no "park planning process" has been initiated, and the NPS claims that resources are unavailable to undertake the process. Exhibit A ¶12; Exhibit A–7. This is a pretextual layer of administrative rule making meant to obfuscate the fact that the NPS has decided to ban BASE jumping but has not undertaken the necessary reasoned decision making. The proposition that permits are available is further belied by the representation the National Park Service makes to the public that "BASE jumping is prohibited." *See* Exhibit C, Screenshot of Website, available at https://www.nps.gov/yose/planyourvisit /safety.htm, last visited September 13, 2024.

Exhibits A–C demonstrate that the *de facto* rule initiated by then-head ranger Bill Wendt is a final agency action. Mr. Nunn need not have applied for a permit in order to challenge this action, as the action makes clear that no such permitting process exists. Contrary to this Court's ruling, Mr. Nunn's proffer makes clear that the decision to deny any permits for BASE jumping throughout the national parks is the NPS's position of general applicability, including written notice to the directors of the National Park Service, that implements a policy affecting the whole of the agency. *See* Order at 12, citing 5 U.S.C.A. § 551 (4).

## 2. The Supreme Court's decision in *Loper Bright* eliminated deference to administrative agencies.

This Court further held that the NPS's interpretation of 36 C.F.R. § 2.17 as including BASE jumping is interpretive, and thus not subject to notice and comment. Based on this finding, this Court declined to review the section under Mr. Nunn's claim that it is arbitrary and carious, finding

---

[1] New River Gorge National Park allows BASE jumping once a year on Bridge Day, but the practice was common there before the park was created. *See* https://www.nps.gov/neri/planyourvisit/bridgeday.htm, last visited 9/16/24.

that must "give deference to the agency's interpretation of its regulation." Order at 10, citing *United States v. Albers*, 226 F.3d 989 (9th Cir. 2000) and *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994).

Since this Court issued its Opinion, there has been a substantive change in the law surrounding a court's review of agency action. The United States Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. ___, 144 S. Ct. 2244, 2273 (2024)—overturning *Chevron U.S.A. Inc. v. Natural Resource Defense Council, Inc.*, 467 U.S. 837 (1984)—makes clear that such deference is inappropriate. The Court's reliance on cases such as *Albers*, *Thomas Jefferson*, and *Western Radio Services Co., Inc. v. Espy*, 79 F.3d 896 (9th Cir. 1996), is incorrect in light of *Loper Bright*. *Loper Bright* abrogated *Western Radio* to the extent that the latter stood for the proposition that, when reviewing a claim that an agency action is "arbitrary and capricious," a "reviewing court may not substitute its judgment for that of the agency." *Western Radio*, 79 F.3d at 900, (citing *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 376 (1989)). This Court should review the NPS's decision to prohibit BASE jumping effectively *de novo* to determine whether that decision was arbitrary and capricious.

### C. This Court should hold and evidentiary hearing to determine whether the National Park's ban on BASE jumping is arbitrary and capricious.

Mr. Nunn renews his request that this Court grant an evidentiary hearing pursuant to Local Rule 430.1 (h). Mr. Nunn anticipates the hearing would take one day.

The Court's reasoning for denying an evidentiary hearing were that Mr. Nunn's second challenge does not constitute final agency action, that his case is time barred, and/or that his Nunn's failure to apply for a permit is fatal to his claim. None of these reasons remain valid in light of the Supreme Court's decisions in *Loper Bright*—which holds that a Court "must exercise their independent judgment," and "agency interpretations of statutes are not entitled to deference"—and *Corner Post*—which holds that the statute of limitations for challenging an agency action begins when the challenger is injured, not when the regulation is promulgated. Mr. Nunn has proffered sufficient evidence to show that NPS has made a final decision that no permits for BASE

jumping will be issued, and that decision is arbitrary and capricious.

## IV.     Conclusion

For the foregoing reasons, this Court should reconsider Mr. Nunn's Motion to Dismiss and dismiss count 2 on the merits after considering Mr. Nunn's evidentiary proffer. In the alternative, this Court should order an evidentiary hearing.

Dated this 16th day of September, 2024.

                                              Respectfully submitted,

                                              Heather E. Williams
                                              Federal Public Defender

                                              */s/Kara R. Ottervanger*
                                              Kara R. Ottervanger
                                              Assistant Federal Public Defender

                                              */s/ Benjamin A. Gerson*
                                              Benjamin A. Gerson
                                              Assistant Federal Public Defender