PHILLIP A. TALBERT
United States Attorney
BRODIE M. BUTLAND
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID NUNN,<br><br>　　　　　　　　Defendant. | CASE NO. 6:20-po-00742-HBK<br><br>RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION |

36 C.F.R. § 2.17 prohibits BASE jumping in national parks without a permit. Defendant David Nunn was cited in July 2020 for BASE jumping in Yosemite National Park. He knew was illegal—he had already been cited for the same thing in 1998. In a Motion to Dismiss, Nunn argued that § 2.17 violated the Administrative Procedure Act (APA) because (1) the regulation lacked reasoned analysis as to prohibiting BASE jumping during its 1983 promulgation, and (2) "informal adjudication" to ban BASE jumping in Yosemite in the 1990s lacked reasoned analysis.

In its February 27, 2024 Order, the Court rejected the first argument because (a) the agency's inclusion of BASE jumping in § 2.17 was an interpretive rule not subject to formal rulemaking, and (b) Nunn's claim was time-barred. It rejected the second argument because (a) Nunn failed to identify a final agency action that he could challenge, and (b) his claim was time-barred.

Nunn now argues that his action was not time-barred based on *Corner Post Inc. v. Board of Governors*, 144 S. Ct. 2440 (2024). But he does not address the Court's independent grounds for rejecting his arguments. The Court can re-affirm its prior order without addressing *Corner Post* at all. Further, *Corner Post* does not assist Nunn, as his APA challenges are untimely even under that case.

Nunn also argues that based on *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), the Court should revisit whether BASE jumping falls under § 2.17 at all. Nunn has waived that theory and cannot now raise it now on a motion to reconsider. Further, *Loper Bright* does not apply here, as it concerns deference to an agency's interpretation of a *statute*, whereas this case involves an agency interpretation of *its own regulation*. And the Ninth Circuit has already held that the plain meaning of "parachute" in § 2.17(a)(3) includes BASE jumping apparatus. There is thus no ambiguity to resolve.

Nunn filed his Motion to Dismiss over three years ago. He has been granted two hearings and two rounds of briefing laden with shifting theories, yet still has not shown entitlement to relief. The Court should deny Nunn's latest motion and move this case to trial.

## I. BACKGROUND

### A. Nunn's Motion to Dismiss.

Nunn was issued a citation under 36 C.F.R. § 2.17(a)(3) for BASE jumping off El Capitan in Yosemite National Park on July 21, 2020. On April 27, 2021, he filed a motion to dismiss based on the APA. ECF 18. Two rounds of briefing followed (along with a hearing after the first round), which eventually culminated in a February 6, 2023 hearing. ECF 27, 28, 36, 39, 43, 48, 54.

By that hearing, Nunn had narrowed his challenge to two arguments: (1) Section 2.17(a) lacked a reasoned analysis when initially promulgated on July 30, 1983; and (2) the agency's "informal adjudication" to ban BASE jumping in Yosemite in the 1990s was without a reasoned analysis. 2/27/2024 Order, ECF 55, at 4. Importantly, Nunn did *not* challenge whether BASE jumping fell within the ambit of § 2.17(a)(3)—he conceded it did based on controlling law. *Id.* at 3 & n.3.

### B. The Court's Order denying Nunn's Motion to Dismiss.

On February 27, 2024, the Court denied Nunn's Motion to Dismiss. The Court first rejected Nunn's argument that during its promulgation, § 2.17(a)(3) lacked reasoned analysis as to why BASE jumping should be prohibited. The Court held, based on then-controlling Ninth Circuit law, that any procedural challenge to the regulation had to be brought within six years of the agency publishing the regulation. 2/27/24 Order at 8-9. And the Court rejected Nunn's argument for a further, independent reason: that agency application of § 2.17 to BASE jumping was an interpretive rule, which was not

subject to notice and comment and the "reasoned analysis" that Nunn demanded. *Id.* at 9-11.[1]

The Court next considered Nunn's argument that the agency's "informal decision" to ban BASE jumping in Yosemite was arbitrary and capricious. Specifically, Nunn argued that head ranger Bill Wendt summarily ended the permit system for BASE jumping in the 1980s, and that the decades-long enforcement against BASE jumping rendered futile any application for a permit. *Id.* at 11.

The Court held that, assuming Wendt's decision from the 1980s constituted final agency action, Nunn's challenge would be time-barred under the six-year statute of limitation. *Id.* at 12. This was especially true given that Nunn was previously cited for BASE jumping in Yosemite National Park in 1998, and thus his injury "would have been apparent at the latest in 1998." *Id.*

But the Court rejected Nunn's assumption that Wendt's decision or the agency's alleged "informal" prohibition constituted final agency action that could be reviewed under the APA. *Id.* As the Court noted, even if Wendt made such a decision, it was never published or memorialized in any formal written notices or announcements, or otherwise presented to the public as the official agency position. *Id.* at 12-13. Indeed, the Superintendent's Compendium still included a permitting process for BASE jumping. *Id.* at 13. And because Nunn never applied for (or was denied) a permit, the Court lacked jurisdiction because there was no final agency action to review. *Id.* at 14.

The Court also denied Nunn's motion for an evidentiary hearing, which was filed nine days after the February 2023 hearing. *See* ECF 49, 50, 52. Because the Court rejected Nunn's claims solely on issues of law and the fact that he had not applied for a permit, it found no reason to grant an evidentiary hearing. 2/27/24 Order at 17.

## II.     LAW AND ANALYSIS

### A.     Standard of review

Although Federal Rules of Criminal Procedure do not provide for motions for reconsideration, the Ninth Circuit has allowed them to further judicial economy in appropriate circumstances. *United States v. Isho*, No. 1:15-cr-103, 2021 WL 1946528, at *1 n.1 (E.D. Cal. May 14, 2021). "No precise

---

[1] Citing *United States v. Albers*, 226 F.3d 989 (9th Cir. 2000), the Court further noted that the agency properly followed notice-and-comment procedures and undertook a proper analysis in promulgating § 2.17(a)(3) generally. 2/27/24 Order at 11 n.8.

1   'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in
2   a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013).

3       "Both 'simple mistakes' and 'shifting precedent' might justify reconsideration of a nonfinal
4   order." *United States v. Davis*, No. 2:98-cr-114, 2021 WL 1122574, at *2 (E.D. Cal. Mar. 24, 2021).
5   But regardless of the grounds, the Court's local rules impose additional requirements, including
6   "identify[ing] what 'new or different facts or circumstances' support the motion 'or what other grounds'
7   might warrant reconsideration." *Id.* Importantly, "motions for reconsideration in criminal cases are
8   almost always denied when they rest on arguments or evidence the moving party previously raised or
9   could have raised and denial would not cause manifest injustice." *Id.* (citing *Cachil Dehe Band of*
10  *Wintun Indians v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009)).

11      **B.   *Corner Post* does not merit reconsideration of the Court's prior Order.**

12      Citing *Corner Post*, Nunn argues that his APA challenge was timely, and thus the Court should
13  revisit his motion to dismiss. Mot. at 3-4. The Court need not address Nunn's argument because it does
14  not undermine the Court's alternative bases for rejecting his APA challenges. That is, even if Nunn's
15  challenge was timely, that would not affect the Court's holding that including BASE jumping in § 2.17
16  is an interpretive rule that does not require the notice-and-comment or "reasoned analysis" that Nunn
17  demands. 2/27/24 Order at 9-11. Nor would it change the Court's holding that the "informal" or "de
18  facto" prohibition of BASE jumping from the 1980s/90s is not a "final agency action" reviewable under
19  the APA. *Id.* at 12-14; *see Corner Post*, 144 S. Ct. at 2450 ("[J]udicial review is only available for 'final
20  agency action.'"). Because the Court's alternative bases for rejecting Nunn's APA challenges would
21  remain intact notwithstanding Nunn's timeliness challenge, the Court should deny reconsideration.[2]

22      But even under *Corner Post*, Nunn's challenges are untimely. *Corner Post* held that the six-year
23  statute of limitations commences when "the plaintiff is injured by final agency action." 144 S. Ct. at
24  2460. An agency action is final if it "mark[s] the consummation of the agency's decision-making

---

[2] *See Houston Casualty Co. v. Great Am. Chicken Corp., Inc.*, No. 19-1337, 2019 WL 7421962, at *3 (C.D. Cal. Nov. 19, 2019) (denying motion to reconsider based on intervening case law because the case law "does not affect the Court's alternative holding"); *David Sams Indus., Inc. v. Verisign, Inc.*, No. 03-686, 2006 WL 5105218, at *2 (C.D. Cal. Dec. 20, 2006) (denying motion to reconsider because "the Court's summary judgment order was decided upon multiple grounds," and "Plaintiff does not advance arguments or evidence that suggest these alternative grounds should be reconsidered").

process" and is such that "rights or obligations have been determined, or from which legal consequences will flow." *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016). "Once the challenged agency action becomes final and invades a party's legally protected interest, the party's right to redress that injury under the APA accrues, and § 2401(a)'s six-year clock starts ticking." *Herr v. U.S. Forest Serv.*, 803 F.3d 809, 818-19 (6th Cir. 2015), *approved by Corner Post*, 144 S. Ct. at 2449 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882-83 (1990)).

Here, the six-year clock started ticking decades ago. Nunn's Motion to Dismiss asserted an alleged well-documented BASE jumping ban in Yosemite National Park beginning in the 1980s, which he contends constituted final agency action against him. *See* Nunn Reply Supp. Mot. to Dismiss, ECF 28, at 4-5.[3] If the de facto ban was as widely known in the BASE jumping community as Nunn contends, he would have been aware of his potential legal jeopardy from BASE jumping during that time. At the latest, he would have been aware of legal consequences he could face in 1998, when he was cited under the same regulation. 2/27/24 Order at 8 ("[Nunn] previously was charged with the same offense in 1998. Clearly, Nunn knew of his injury at this time.").

The Court has already explained at length why the informal actions by park officials do not constitute final agency actions, and thus Nunn has not satisfied the final action requirement for an APA challenge. *See* 2/27/24 Order at 12-13. But if the Court were wrong, and the alleged informal actions "determine[d] obligations from which consequences will follow" (ECF 28, at 5) as Nunn contends, then that is also when his right to redress accrued and the six-year limitations period began. Thus, even under *Corner Post*, the six-year statute of limitations would have expired in 2004 at the latest. *See Cogdell v. Reliance Standard Life Ins. Co.*, No. 1:23-cv-1343, 2024 WL 4182589, at *3 & n.7 (E.D. Va. Sept. 11,

---

[3] *See also* Mot. at 7 ("[T]he *de facto* rule initiated by then-head ranger Bill Wendt is a final agency action."); ECF 28 at 4 ("Yosemite National Park has categorically banned BASE jumping for nearly 40 years, and only allowed a permitting system for an extremely limited period of time in the early 1980s."); *id.* at 5 ("Yosemite National Park has enforced a total prohibition on BASE jumping for nearly 40 years. . . . Yosemite's intransigence with respect to BASE jumping is well documented."); 10/12/2021 Hearing Transcript, ECF 36, at 11 ("The history of the park services regulation of base [sic] jumping goes back nearly 40 years to the early 1980s. There was based on our research, a very rudimentary permit system [that] only existed for three or four months, and at the time the Chief Ranger Bill White had decided to summarily cancel the permit system and ban base [sic] jumping altogether."); *id.* at 15 ("[O]ur position . . . is that . . . the National Park Service's practice of an absolute ban on BASE jumping where, you know, total ban and total enforcement has been the practice for nearly 40 years, really falls well within the category of an empirical approach to final agency action[.]").

RESPONSE TO MOTION FOR RECONSIDERATION        5

2024) (defendant's regulatory challenge was untimely even under *Corner Post* because it "has frequently faced the consequences it now challenges from violating the regulation," and the limitations period commenced when defendant "faced its first argument" relating to the regulation).

Nunn argues that his 1998 BASE jumping citation did not commence the six-year statute of limitations "because the then-binding interpretation of 28 U.S.C. § 2401(a) set the statute of limitations as running from the date of the promulgation of the regulation." Mot. at 5. Nunn's protest rings hollow given that he faced the same situation in 2021 when he filed his Motion to Dismiss, where *Wind River Mining Corp. v. United States*, 946 F.2d 710 (9th Cir. 1991),[4] was still good law and the Supreme Court had not yet granted certiorari in *Corner Post*. Regardless, nothing would have prevented Nunn from challenging alleged final agency actions in the 1980s/90s that purportedly banned BASE jumping and revoked the permitting process, which is now his primary focus in his APA challenge anyways.

In short, the Court need not address Nunn's *Corner Post* argument because its alternative holdings remain dispositive. And even under *Corner Post*, Nunn's claims are untimely, as he would have been required to challenge the alleged BASE jumping ban by 2004 at the latest, six years after he was first cited for violating the regulation.

### C. *Loper Bright* does not merit reconsideration of the Court's prior Order.

Nunn argues that this Court should review *de novo* the agency's decision to include BASE jumping within § 2.17 based on *Loper Bright*. Mot. at 7-8. This is an improper assertion of an argument that could have, but was not, raised in Nunn's initial motion to dismiss, and should be denied for that reason alone. *See Davis*, 2021 WL 1122574, at *2 (denying motion for reconsideration based on an argument that could have been raised in initial motion but was not). As the Court previously noted, "Nunn d[id] not challenge whether the proscribed activity—BASE jumping—falls within the ambit of the regulation." 2/27/24 Order at 3.

In any event, *Loper Bright* does not apply here. Nunn erroneously contends that *Loper Bright* eliminated all form of deference to an agency's decision-making under the APA. Mot. at 8. But *Loper*

---

[4] *Wind River* held that procedural challenges to regulations must be commenced within six years after publication of the regulations at issue in the Federal Register. 946 F.2d at 715. *Corner Post* abrogated *Wind River*. *See* 144 S. Ct. at 2449.

*Bright* merely considered the continuing validity of *Chevron USA, Inc. v. NRDC*, 467 U.S. 837 (1984), which held that where a "*statute* [was] silent or ambiguous with respect to [a] specific issue . . . a reviewing court could not simply impose its own construction on the *statute*," but rather had to "defer to the agency if it had offered a permissible construction of the *statute*." 144 S. Ct. at 2264 (emphasis added; quotation marks omitted). *Loper Bright* overruled so-called "*Chevron* deference" as inconsistent with the APA. *Id.* at 2265. Instead, "[c]ourts [should] do their ordinary job of interpreting statutes, with due respect for the views of the Executive Branch." *Id.* at 2267.

This case, however, does not involve agency interpretation of a statute, but of the agency's own regulation. *Chevron* deference and *Loper Bright* have no relevance here. Indeed, cases holding that § 2.17(a)(3) prohibited BASE jumping never even referenced *Chevron*, let alone relied on it. *United States v. Albers*, 226 F.3d 989, 992-94 (9th Cir. 2000); *United States v. Carey*, 929 F.3d 1092, 1103 (9th Cir. 2019); *United States v. Oxx*, 127 F.3d 1277, 1278-79 (10th Cir. 1997).[5]

Moreover, there is no ambiguity to resolve. The Ninth Circuit has already determined that the plain meaning of "parachute" in § 2.17(a)(3) includes BASE jumping apparatus. *Albers*, 226 F.3d at 993 ("[O]rdinary people would find that [BASE jumping] chutes, although technologically sophisticated, are still parachutes."); *Oxx*, 127 F.3d at 1279 ("[T]he term 'parachute' in § 2.17(a)(3) unambiguously applies to the parachutes used by the defendants in BASE jumping."). There is no reason for the Court to revisit a regulatory interpretation that the Ninth Circuit has already resolved.

**D.     An evidentiary hearing is unwarranted.**

Nunn renews his request for an evidentiary hearing to present the same information he has already placed before the Court. *See* Mot. at 6-8. An evidentiary hearing is unwarranted because Nunn's APA challenges fail as a matter of law. For the reasons above, neither *Corner Post* nor *Loper Bright* alter this Court's rejection of those challenges.

---

[5] Although *Loper Bright* does not apply here, it notably held that prior statutory interpretations based on *Chevron* deference were "still subject to statutory *stare decisis* despite our change in interpretive methodology," and that "[m]ere reliance on *Chevron* cannot constitute a 'special justification' for overruling such a holding." 144 S. Ct. at 2273. Nunn's request for a *de novo* review of § 2.17(a)(3) thus is improper even under *Loper Bright*'s standard for future cases.

### III. CONCLUSION

For the foregoing reasons, Nunn's Motion for Reconsideration should be denied.

Dated: November 14, 2024

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

By: /s/ Brodie M. Butland
BRODIE M. BUTLAND
Assistant United States Attorney

Attorneys for Defendant