UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DAVID A. NUNN,<br><br>　　　　　　　Defendant. | Case No.  6:20-po-00742-HBK<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND RENEWED REQUEST FOR EVIDENTIARY HEARING<br><br>(Doc. No.  61) |

Pending before the Court is Defendant David Nunn's motion for reconsideration of the Court's prior order denying his motion to dismiss and his renewed request for an evidentiary hearing. (Doc. No. 61, "Motion"). Defendant argues that two recent Supreme Court decisions—*Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, 603 U.S. 799 (2024) and *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024)—undermine the Court's prior ruling denying his motion to dismiss his charge under 36 C.F.R. § 2.17(a)(3). For the reasons set forth below, Defendant's Motion is denied because the statute of limitations on his Administrative Procedure Act ("APA"), 5 U.S.C. § 706, challenge has expired. Alternatively, the Court lacks jurisdiction over the merits of his APA challenge.

**BACKGROUND**

Defendant was cited for violations of 36 C.F.R. § 2.17(a)(3) and 36 C.F.R. § 1.6(g)(2) in Yosemite National Park on July 21, 2020. The only violation relevant to Defendant's APA

challenge is 36 C.F.R. § 2.17(a)(3), which Defendant was previously charged with in 1998. *See* Case No. 6:98-mj-00164-HGB.  In pertinent part, the subject regulation provides:

### § 2.17 Aircraft and air delivery.

(a) The following are prohibited:

(3)  Delivering or retrieving a person or object by parachute, helicopter, or other airborne means, **except** in emergencies involving public safety or serious property loss, or **pursuant to the terms and conditions of a permit**.

36 C.F.R. § 2.17(a)(3) (emphasis added).

In his initial motion to dismiss, Defendant challenged the validity of 36 C.F.R. § 2.17(a)(3) under the APA, 5 U.S.C. § 706(2), arguing that the regulation was promulgated in an arbitrary and capricious manner and that the National Park Service ("NPS") improperly prohibited BASE jumping through informal action rather than formal rulemaking.  (Doc. No. 18). The Court denied the motion to dismiss, holding, *inter alia*, that Defendant's APA challenge was time-barred under 28 U.S.C. § 2401(a) and that Defendant's failure to apply for a permit precluded his challenge.  (Doc. No. 55, "February 27, 2024 Order").  Defendant now moves for reconsideration of the February 27, 2024 Order, asserting that *Corner Post* alters the statute of limitations analysis, and that *Loper Bright* supports his argument that the permit scheme violates the APA.  (Doc. No. 61).  The Government filed an opposition (Doc. No. 64), and Defendant filed a reply (Doc. No. 65).

## STANDARD OF REVIEW

"Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, the Ninth Circuit has 'approved of the judicial economy' of motions for reconsideration in the appropriate circumstances." *United States v. Davis*, 2021 WL 1122574, at *1 (E.D. Cal. Mar. 24, 2021) (citing *United States v. Rabb*, 752 F.2d 1320, 1322 (9th Cir. 1984)), *aff'd*, 2022 WL 1090945 (9th Cir. Apr. 12, 2022).  "No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013).  Rather, the courts have "inherent jurisdiction to modify, alter, or revoke" a non-final order in a criminal case. *United States v.*

*Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000). A motion for reconsideration is granted only when the movant demonstrates (1) new and material evidence, (2) clear legal error, or (3) intervening change in controlling law. *See School Dist. No. 1J, Multnomah County v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). Defendant brings the instant Motion under the third prong.[1]

### A. *Corner Post* Bars Defendant's Untimely APA Challenge

Defendant moves for reconsideration of this Court's February 27, 2024 Order denying his motion to dismiss, arguing that the Supreme Court's decision in *Corner Post* fundamentally alters the statute of limitations framework under 28 U.S.C. § 2401(a). (Doc. No. 61 at 2). Defendant contends that the Court incorrectly determined that the six-year limitations period began when 36 C.F.R. § 2.17(a) rather than when an individual sustains an injury caused by agency action, as established by *Corner Post*. (*Id*. at 2-4). Specifically, he maintains that *Corner Post* applies retroactively pursuant to *Teague v. Lane*, 489 U.S. 288 (1989), and his "prior [1998] offense does not preclude [him] from challenging the regulation now" under previous precedent governing the statute of limitations for APA challenges. (*Id*. at 2, 5; *see also* Doc. No. 65 at 3). Although the Court's previous ruling and its reliance on pre-*Corner Post* case law has likely been invalidated on this issue,[2] the Court finds that Defendant's APA challenge is nonetheless time-barred.

At the outset, the Court notes that *Corner Post* involved an APA claim brought by a plaintiff in a civil lawsuit, whereas Defendant is not asserting an APA claim as a plaintiff but rather challenging an agency regulation as a criminal defendant. *See California Coastkeeper All. v. Cosumnes Corp*., 2024 WL 4819208, at *11 (E.D. Cal. Nov. 18, 2024) ("Defendant is not a plaintiff seeking relief under the APA."); *see also Palmer v. Milnor*, 2024 WL 4466046, at *3 (W.D. Wash. Oct. 10, 2024) ("[The *Corner Post*] holding is inapplicable here where [Plaintiff] is

---

[1] The Court stands by its February 27, 2024 Order regarding any issues not addressed in this order, such as the Court's ruling that NPS's application of 36 C.F.R. § 2.17 to BASE jumping is an interpretive rule and therefore not subject to notice and comment rulemaking.

[2] "[I]n light of the Supreme Court's recent decision in *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, 144 S. Ct. 2440 (2024), [*Wind River Mining Corp. v. United States*, 946 F.2d 710, 715–716 (9th Cir. 1991)] [ ] has likely been abrogated." *Oregon Wild v. United States Forest Serv.*, 2024 WL 4286965, at *3 (9th Cir. Sept. 25, 2024).

not alleging an APA claim against [a] federal [agency].").

Regardless of whether *Corner Post* applies to this case, the Court finds that the statute of limitations has expired on Defendant's APA challenge under the newly established framework. The *Corner Post* Court held that "[a] claim accrues when the plaintiff has the right to assert it in court—and in the case of the APA, that is when the plaintiff is injured by final agency action." *Corner Post*, 603 U.S. at 804. Specifically, "[a] right of action 'accrues' when the plaintiff has a 'complete and present cause of action'—i.e., when she has the right to 'file suit and obtain relief.'" *Id*. at 809 (quoting *Green v. Brennan*, 578 U.S. 547, 554 (2016)). Under *Corner Post*, Defendant's APA claim first accrued at the time of his 1998 conviction, when he became aware of—and was injured by—the regulation in question. *See Havasu Water Co. v. United States Dep't of Interior*, 2024 WL 4404956, at *7 (C.D. Cal. Aug. 27, 2024) ("[W]hen the accrual period for Plaintiff's APA claims began depends on when it knew, or should have known, of the alleged failed duty such that it could have filed suit and obtained relief.").

Defendant argues that his current charge is his "first opportunity" to challenge the regulation. (*See* Doc. No. 61 at 5). Although the Court recognizes that Defendant was likely precluded from raising the challenge under established precedent in 1998, it finds Defendant's argument unpersuasive. As the Supreme Court recently explained, the term "accrue" has "a well-settled meaning: [a] right accrues when it comes into existence[ ]—when the plaintiff has a complete and present cause of action." *Corner Post*, 603 U.S. at 810 (cleaned up). Taken literally, as Defendant implicitly asserts, his "first opportunity" to lodge an APA would not have existed until the *Corner Post* decision. Defendant has not cited, nor has the Court found, any applicable case law to support such an expansive reading of *Corner Post*.[3] Taken to its logical conclusion, a ruling in favor of Defendant on this issue would, in effect, reset the statute of limitations as of the

---

[3] In support of Plaintiff's argument that Defendant is "entitled to the retroactive application of *Corner Post*," Defendant cites to *Teague v. Lane*, 489 U.S. 288 (1989), but provides no further analysis or legal support. (Doc. No. 65 at 3*; see also* Doc. No. 61 at 2). In *Teague*, the Supreme Court held that new constitutional rules of criminal procedure generally do not apply retroactively to habeas corpus actions on collateral review. 489 U.S at 311–12. This case is inapplicable here because, *inter alia*, Defendant is requesting that the Court apply a new rule of civil procedure to this pending criminal case—a rule the Court does indeed consider and apply. However, for the reasons outlined in this order, the Court finds the statute of limitations has nonetheless expired under this new rule.

4

date the Supreme Court issued its ruling in 2024.  To the extent Defendant contends that *Corner Post* applies retroactively to all cases following its 2024 decision, the Court declines to extend the Supreme Court's holding beyond its expressed scope.  *See, e.g., Havasu Water*, 2024 WL 4404956, at *7 (finding the plaintiff's APA claims time-barred regarding the surveying of its easement because the plaintiff should have been aware of the absence of a federal survey in 2007).  Thus, in accordance with *Corner Post*, Defendant's APA challenge remains time-barred under these particular facts.

**B. No Reviewable Agency Determination**

In support of his motion for reconsideration, Defendant argues that the Court's prior ruling, which relied on the availability of a permit for BASE jumping in national parks, was predicated on a pretextual premise.  (Doc. No 61 at 6–7).  Defendant contends that while the superintendent's compendium nominally provides a permit process, no such permits have ever been issued, nor does a legitimate permitting process exist.  (*Id*.).  He asserts that the NPS has demonstrated a longstanding animus toward BASE jumping and its participants, effectively prohibiting the practice through administrative maneuvering rather than formal rulemaking.  (*Id*. at 7).  Thus, Defendant "need not have applied for a permit in order to challenge this [regulation], as the action makes clear that no such permitting process exists." (*Id*.).  The Court disagrees.

Defendant's arguments, which largely reiterate his original motion to dismiss, do not meaningfully address the Court's prior ruling on this issue. Specifically, Defendant's instant motion fails to overcome the fact that he never sought to apply for a permit to BASE jump—a fatal deficiency to his argument.  As the Court previously stated in its February 27, 2024 Order, "the failure to apply for a permit, when one is required, deprives the Court of jurisdiction because there is no final agency action to review." (Doc. No. 55 at 15 citing *Hale v. Norton*, 437 F.3d 892, 893 (9th Cir. 2006)); *see also United States v. Carey*, 929 F.3d 1092, 1103 (9th Cir. 2019) (holding "§ 2.17(a)(3)'s permit exception is best understood as an affirmative defense" upon which the defendant bears the "burden of proof at trial.").  Moreover, courts have routinely rejected collateral challenges to regulatory statutes when a defendant failed to submit himself to the permitting process. *See, e.g., United States v. Hugs*, 109 F.3d 1375, 1378 (9th Cir. 1997)

(holding that failure to apply for a permit precludes a challenge to the way a permitting scheme operates) (collecting cases); *see also e.g., United States v. Winddancer*, 435 F. Supp. 2d 687, 692–93 (M.D. Tenn. 2006) (explaining that "courts have not typically allowed defendants to make collateral challenges to regulatory statutes where the defendant inexplicably failed to apply for a permit to perform the activity in question") (collecting cases).

Defendant cites various exhibits, mainly nonparty Brendan Weinstein's communications with NPS concerning his denial of a BASE jumping permit, to support Defendant's claim that BASE jumping is, in practice, banned "throughout the national parks" and "no such permitting process exists." (Doc. No. 61 at 7). However, BASE jumping is not banned outright across national parks, as evidence by Defendant's reference to NPS's decision to allow BASE jumping to take place annually at New River Gorge National Park. (Doc. No. 61 at 7 n.1). Further, an NPS permitting process does exist, as evidenced by nonparty Brendan Weinstein's submission of his permit application and by NPS's Memorandum regarding BASE jumping management and the permitting process. (*See* Doc. Nos. 61-1, 61-2).

Defendant's assertion that his permit application would have been denied—based on the denial of nonparty Brendan Weinstein's permit or that of any other nonparty—does not establish a basis for judicial review, as no final agency action was taken against Defendant. *See Corner Post*, 603 U.S. at 809 ("An APA plaintiff does not have a complete and present cause of action until she suffers an injury from final agency action"); *Hale*, 437 F.3d at 894 ("Because the permitting process had not resulted in a final action at the time of the [plaintiffs'] suit, the district court properly dismissed the suit for want of jurisdiction."); *see also, e.g.*, *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 419 (2013) ("plaintiffs can[not] establish standing simply by claiming that they experienced a 'chilling effect' that resulted from a governmental policy that does not regulate, constrain, or compel any action on their part"); *Colt & Joe Trucking, LLC v. U.S. Dep't of Lab.*, 2025 WL 56658, at *6 (D.N.M. Jan. 9, 2025) ("Merely alleging that a regulation creates a chilling effect is not sufficient to give rise to standing."). Because Defendant fails to assert that he applied for a permit to BASE jump, a final agency action could not have been taken by NPS. Thus, the Court lacks jurisdiction to determine the merits of his APA challenge.

1    Finally, the Court is not required to apply the *Loper Bright* analysis because the statute of
2    limitations has expired on Defendant's APA challenge.  Alternatively, the Court lacks jurisdiction
3    to determine the merits of his APA challenge.  Accordingly, the Court denies Defendant's
4    Motion.

**C. Renewed Motion for Evidentiary Hearing**

The Court has broad discretion in determining whether to hold an evidentiary hearing. *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986).  "Absent materiality and inconsistency, no evidentiary hearing need be held." *United States v. Moran-Garcia*, 783 F. Supp. 1266, 1269 (S.D. Cal. 1991).  Even if an issue is in dispute, an evidentiary hearing is not necessary "unless the resolution of that dispute may make a material difference in the Court's consideration of the underlying motion." *Id*. at 1271.

As stated *supra*, the Court finds that Defendant's APA challenge to 36 C.F.R. § 2.17(a)(3) is time-barred under *Corner Post*.  Alternatively, the Court further finds that Defendant's failure to apply for a permit is fatal to his claim because, absent a permit denial, there is no final agency action.  Accordingly, the Court finds no reason to grant an evidentiary hearing based on the facts of this case.

Accordingly, it is **ORDERED**:

1. Defendant's Motion (Doc. No. 61) is DENIED.
2. The Court sets this case for a status conference for June 17, 2025 at 10:00 A.M.

Dated:   May 14, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7